IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                          Case Nos.:      3:01cr31/RV/EMT
                                                             3:14cv278/RV/EMT

RICKY GENE MINOR
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (doc. 103). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

### BACKGROUND and ANALYSIS

Defendant was sentenced to a term of life imprisonment in August of 2001 after he pleaded guilty to manufacturing methamphetamine (docs. 1, 21, 26). He did not appeal. In April of 2002, the district court denied Defendant's "Extraordinary Motion to Vacate, Set aside Sentence, Dismiss Indictment, and Allow Withdrawl (sic) of Guilty Plea" (docs. 33, 36). Defendant unsuccessfully appealed (doc. 50). In August of 2002, Defendant then challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255 (*see* docs. 52, 57). The amended motion was denied in 2003 over Defendant's objection (*see* docs. 75, 78, 79). The Eleventh Circuit Court of Appeals denied Defendant's request for a certificate of appealability and dismissed the appeal (doc. 99). The record also reflects that in 2006, the Eleventh Circuit denied Defendant's application for leave to file a second or successive § 2255 motion (doc. 99). Defendant has now filed another motion to

vacate in which he claims he is entitled to relief pursuant to the recent Supreme Court decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). Defendant acknowledges that the case has not been held to be retroactively applicable by the Supreme Court, but indicates that he is filing the instant motion to preserve any future litigation that might arise if the decision is deemed to be retroactive (doc. 103 at 4).

Even if Alleyne were retroactively applicable on collateral review, this court does not have jurisdiction to entertain Defendant's motion. As Defendant is well aware, before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion.[1] Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion and, therefore, the instant motion to vacate must be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Proceedings.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000)

---

[1]  This authorization would be required even in a situation in which a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2).

(explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.     Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 103), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2.     A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 23rd day of June 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**